UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES HAMILTON,<br><br>           Plaintiff,<br><br>    v.<br><br>REIGN PROMOTIONS LLC, et al.,<br><br>           Defendants. | CASE NO. C13-5161 BHS<br><br>ORDER RENOTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AND SCHEDULING EVIDENTIARY HEARING |

This matter comes before the Court on Defendant Reign Promotions LLC's ("Reign") motion to enforce settlement (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby renotes the motion and schedules an evidentiary hearing for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 6, 2013, Plaintiff James Hamilton ("Hamilton") filed a complaint alleging personal injuries. Dkt. 1. On June 20, 2013, Hamilton filed an amended

complaint against Reign, Joe Hernandez, and Darren Andy alleging personal injuries suffered at one of Reign's mixed martial arts events. Dkt. 18.

On June 28, 2013, Reign filed a motion to enforce settlement. Dkt. 20. On July 29, 2013, Hamilton responded. Dkt. 25. On August 2, 2013, Reign replied. Dkt. 28.

## II. FACTUAL BACKGROUND

Reign filed this motion based on an out-of-court settlement agreement entered into by Reign and Hamilton. It is undisputed that both parties signed the agreement in which Hamilton agreed to release Reign from all liability for the sum of $2,000. Hamilton, however, refuses to honor the agreement because he declares that he was misled as to his rights and as to whether his attorney had reviewed the agreement. Dkt. 26, Declaration of James Hamilton.

## III. DISCUSSION

"It is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). The Ninth Circuit "also recognizes a trial court's inherent enforcement power." *In re City Equities Anaheim, Ltd.*, 22 F.3d at 957. "However, a court has no discretion to enforce a settlement where material facts are in dispute; an evidentiary hearing must be held to resolve such issues." *Id*. at 958.

In this case, Reign presents a strong case that the settlement agreement is enforceable. For example, Reign argues that "if Mr. Hamilton believed his attorney had

1  reviewed, and approved, the settlement agreement his subsequent email to his attorney
2  [asking the attorney to dismiss claims against Reign] would make no sense." Dkt. 28 at
3  3. Although the Court tends to agree with Reign, it is hard to reach that conclusion based
4  purely on the record.  The proper procedure for making findings of fact and then reaching
5  conclusions of law is to hold an evidentiary hearing.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Reign's motion to enforce settlement agreement (Dkt. 20) is renoted for consideration on the Court's September 11, 2013 calendar and an evidentiary hearing is scheduled for that same day to begin at 9AM in courtroom E.

Dated this 6th day of September, 2013.

            _____
            BENJAMIN H. SETTLE
            United States District Judge